MARK H. SIMON v. UNITED STATES

No. 4497.—Invoices dated London, England, January 4, 1937; December 21, 1936; March 19, 1937.
Entered at New York January 18, 4, April 2, 1937.
Entry Nos. 805046, 57919, 67797.

(Decided January 25, 1939)

Siegel & Mandell (Samuel T. Siegel of counsel) for the plaintiff.
Webster J. Oliver, Assistant Attorney General (Samuel D. Spector, special attorney), for the defendant.

KINCHELOE, Judge: The three appeals to reappraisement involved herein relate to certain shipments of flax fabrics, which are described on the invoice as printed linen, 50 inches wide, quality number 223, imported from London, England. In the case of reappraisement 124202–A the merchandise was entered at the invoice value of 12½ d. per yard, less freight and cartage to docks, and it was appraised at 15 d. per yard, less 3 per centum discount, packed. In the other two cases, reappraisements 125176–A and 125177–A, entry was made, under duress, at the appraised value found in reappraisement 124202–A, to wit: 15 d. per yard, less 3 per centum, packed.

At the hearing, counsel for the plaintiff moved that said three appeals be consolidated, to which counsel for the defendant offered no objection, whereupon the same were ordered consolidated for the purposes of trial.

The evidence submitted by the plaintiff in this case is in the form of an affidavit of one Bernard Spiro, managing director of the shipper of the instant merchandise. Said affidavit was admitted in evidence as Exhibit 1, over objection of counsel for the defendant. After the receipt in evidence of said affidavit, counsel for the plaintiff rested his case, whereupon the attorney for the defendant moved for dismissal of these appeals on the ground plaintiff had failed to make out a prima facie case. The motion was taken under advisement.

It will be noted that the Government attorney did not rest his case upon his motion to dismiss, but immediately thereafter introduced in evidence, on behalf of the defendant, a special agent's report, duly certified, dated October 5, 1937, and made by Treasury Representative Martin H. Rawlyns, and approved by Treasury Attaché S. J. Kennedy. Said special agent's report was admitted in evidence, over objection of counsel for the plaintiff, and marked Exhibit 2 in this case.

Said affidavit introduced by the plaintiff and the special agent's report submitted by the defendant comprise the complete record

before me. After carefully considering this record said motion to dismiss is overruled and an exception to this ruling is hereby given the attorney for the defendant.

It must be borne in mind that, pursuant to section 402, Tariff Act of 1930, the burden is placed on the plaintiff in a reappraisement proceeding to establish value. The United States Court of Customs and Patent Appeals in the case of *United States* v. *T. D. Downing* (20 C. C. P. A. 251, T. D. 46057) very succinctly expressed what the burden is that is cast upon a plaintiff in a reappraisement case. The court said:

> It is sufficient here to bear in mind that the importer having appealed, it was incumbent upon it to show (1) the foreign value and (2) the export value, to the end that the higher might be taken as the dutiable value, or to show (1) a foreign value and the non-existence of an export value, or (2) an export value and the non-existence of a foreign value. Being the appealing party, it was incumbent upon it "to meet every material issue involved in the case." *Meadows, Wye & Co. (Inc.) et al.* v. *United States*, 17 C. C. P. A. (Customs) 36, 42, T. D. 43324.

Some of the statements of the witness in Exhibit 1 are, in my opinion, ambiguous, if not contradictory, and do not contain sufficient probative evidence to establish the market value or price at the time of exportation of the instant merchandise to the United States at which such or similar merchandise was freely offered for sale to all purchasers in the principal markets of the country from which exported, or for exportation to the United States, in the usual wholesale quantities and in the ordinary course of trade. Also, the special agent's report, Exhibit 2, does not contain any probative evidence that is of any assistance to plaintiff in establishing said facts.

I have carefully studied the entire record before me, and I have given careful consideration to all of the statements made by plaintiff's witness in his affidavit, Exhibit 1, and to the report of the said Treasury Representative Rawlyns, Exhibit 2, and am of the opinion that the plaintiff has failed to establish all the necessary statutory requirements as set forth in section 402, *supra*, to prove the existence of a dutiable foreign value, a dutiable export value, or any other dutiable value for the merchandise covered by the shipments involved in the three appeals to reappraisement before me.

Also section 501 of the Tariff Act of 1930 attaches a presumption of correctness to the action of the appraiser in appraising merchandise. I am decidedly of the opinion that the proof before me is not sufficient to overcome that presumption.

The said three appeals to reappraisement are therefore dismissed. Judgment will be rendered accordingly.